COUNTY HOSPITAL — LIMITATIONS ON USE OF GENERAL FUNDS FOR COLLECTION OF ACCOUNTS OVER DUE A Board of Control of a County Hospital may not employ legal counsel to collect outstanding accounts of said hospital and pay for such legal service from the general funds of such hospital. The Attorney General has considered your letter of April 12, 1971, in which you asked the following questions: "1. May a Board of Control of a County Hospital employ legal counsel to collect outstanding accounts of said hospital and pay for such legal service from the general funds of such hospital? "2. If your answer to the first question is in the affirmative, may the Board of Control employ an attorney who is a member of the Board of Control of such hospital to collect outstanding accounts?" Title 19 O.S. 790.1 [19-790.1] (1970), sets out the powers and duties of the Board of Control of a County Hospital and provides in pertinent part as follows: "The District Attorney, or his assistant, shall serve as attorney for the Board of Control without additional compensation, how ever, the Board may on extraordinary legal matters employ other counsel and pay for such service from the general funds of such hospital." The above provision of law clearly places the responsibility on the District Attorney or his assistant to serve as attorney for the Board of Control on ordinary legal matters. Only for extraordinary legal matters may the Board of Control employ other counsel and pay for the service from funds of the hospital. The question therefore involves an interpretation of the term "extraordinary legal matter". Blacks Law Dictionary, Revised 4th Edition, page 699, defines the word "extraordinary" as "out of the ordinary; exceeding the usual, average, or normal measure or degree; beyond or out of the common order or rule; not usual, regular, or of a customary kind". Therefore, in order for the legal matters to be "extraordinary" they must be of a kind that are out of the ordinary or not usual in the operation of a County Hospital. The extending of credit by a County Hospital was contemplated by the Legislature in 19 O.S. 790.1 [19-790.1](b) (1970) which provides in part as follows: "The Board of Control shall in management of a County Hospital; . . . 10. Either as a Board or through the administrator, to use reasonable diligence and efforts to make collections of accounts for hospital services rendered." The above language places the responsibility on the Board of Control and the Hospital Administrator to collect accounts for hospital services rendered, and clearly indicates that this is an ordinary and usual responsibility placed on the Board of Control. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. A Board of Control of a County Hospital may not employ legal counsel to collect outstanding accounts of said hospital and pay for such legal services from the general funds of such hospital. Since the answer to your first question is in the negative it is not necessary to answer your second question, however, I would call your attention to Attorney General's Opinion No. 69-333 issued on November 6, 1969, which held that a member of the Board of Control of a County Hospital who is an attorney at law cannot be employed by the Board of Control on a normal retainer basis, on a contingency basis or otherwise to collect the accounts receivable of the hospital. (Marvin C. Emerson) ** SEE: OPINION NO. 73-299 (1974) **